Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
XPOSURE PHOTO AGENCY INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XPOSURE PHOTO AGENCY INC., <br><br>*Plaintiff,*<br><br>v.<br><br>MERUELO MEDIA, LLC,<br><br>*Defendant.* | Case No.: 2:23-cv-10847<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Xposure Photo Agency Inc., for its Complaint against Defendant Meruelo Media, LLC, alleges as follows:

## JURISDICTION

1.   This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

### *Plaintiff Xposure*

2.   Plaintiff Xposure is an entity organized and existing under the laws of the State of California with its principal place of business in Beverly Hills, California.

3. Xposure is a global premier celebrity news and photo agency that provides the world's news outlets with real-time content from top photographers. Xposure also maintains a library of photographs on a diverse range of subjects including celebrities, music, sports, fashion, and royalty.

4. Xposure licenses its photographs to leading magazines, newspapers, and editorial clients, throughout the world, including in the United States and in California.

5. Xposure conducts business as a syndicator of photos and photo features of popular content. The business model is predicated on licensing the use of work to many different licensees, each of which pays a fee to publish.

*Defendant*

6. Defendant Meruelo Media is a corporation organized under the laws of the State of California.

7. On information and belief, Meruelo Media owns, operates, or is responsible for the content of the account @Power106LA on the social media platform known as *X* (formerly known as Twitter).

8. On information and belief, Meruelo Media owns, operates, or is responsible for the content of the account @Power106LA on the social media platform Instagram.

*Personal Jurisdiction and Venue*

9. On information and belief, defendant Meruelo Media is organized under the laws of the State of California and has its principal place of business in Los Angeles, California.

10. This Court has personal jurisdiction over Meruelo Media because, being organized under California law and having its principal place of business in this State and judicial district, Meruelo Media can be said to be "at home" in this State and judicial district.

1  11.  Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Copyrighted Photographs*

2. Xposure is the owner and copyright holder of three photographic images (the "Images") depicting Rihanna on vacation with A$AP Rocky. The Images were registered with the U.S. Copyright Office as Reg. No. VA 2-239-746 (eff. Jan. 9, 2021).

3. Xposure never licensed the Images to defendant. Nevertheless, defendant used the Images without authorization or permission to do so.

4. Specifically, on December 29, 2020, defendant or its agents copied the Images from Internet sources—on information and belief including legitimate licensees of Xposure—stored the Images on its servers, and displayed the Images on one or both of the social media accounts @Power106LA on Instagram and @Power106LA on *X*.

### *Defendant's Infringements Harmed Xposure*

5. The Images are creative, distinctive, and—as evidenced by defendant's use and misappropriation of them—valuable. Because of the Images' quality, visual appeal, and celebrity subject matter, Xposure stood to gain revenue from licensing them.

6. But defendant's unauthorized use of the Images harmed the existing and future market for the Images. Defendant's social media posts made the Images immediately available to its followers and to the public, including consumers of entertainment and fashion news—and especially news and images of the celebrity subjects of the Images—who would otherwise be interested in viewing licensed versions of the Images in the magazines, newspapers, and online publications that are Xposure's customers.

17. Defendant's unauthorized use of the Images also harms Xposures's business model by driving down the prices for legitimately licensed celebrity images and driving away Xposure's actual and potential customers. Xposure's customers—among them, media companies who compete with defendant and, unlike defendant, pay large license fees for celebrity visual content—are less likely to purchase licenses, or pay as much for a license, when the same visual content will be widely distributed simultaneously on the websites of their competitors.

18. Xposure sold and offered for sale the Images on a Premium-Exclusive basis, meaning that they depict celebrities or situations that are in high demand, or they are the only photograph available of a specific celebrity and situation in the world (because no other photographers were present at the time the photograph was taken), or both. For those reasons, Premium-Exclusive images command a higher licensing fee and are more valuable.

19. In addition, defendant's unauthorized use of the Images is commercial in nature. On information and belief, defendant knew that because the Images depicted popular celebrities, users would be attracted to view the Images, driving internet users to their social media accounts, thus increasing engagement and revenue.

20. As a media company, defendant operates in an industry in which copyrights are prevalent and well-understood. Based at least in part on that knowledge, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Images, and/or it acted recklessly by posting the Images without determining the right to do so.

## CLAIM ONE

**(For Copyright Infringement, 17 U.S.C. § 501)**

21. Plaintiff realleges and incorporates by reference the allegations

contained in the preceding paragraphs of this Complaint as if fully set forth here.

22. Plaintiff is the author and or/copyright owner of the protected Images named above in this Complaint.

23. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

24. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

25. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

26. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

27. Having timely registered its copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered.

28. Plaintiff alleges, on information and belief, that that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

29. In the alternative, plaintiff is entitled to recovery of its actual damages and defendant's profits attributable to the infringement of the Images, under 17 U.S.C. § 504(b).

1     30.    Within the time permitted by law, plaintiff will make its election
2 between actual damages and profit disgorgement, or statutory damages.
3     31.    Plaintiff is also entitled to a discretionary award of attorney fees
4 under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the following:

    A.    For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Images;

    B.    For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

    C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Images used in violation of plaintiffs' copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

    D.    For actual damages and all profits derived from the unauthorized use of the Images or, where applicable and at plaintiff's election, statutory damages;

    E.    For an award of pre-judgment interest as allowed by law;

    F.    For reasonable attorney fees;

    G.    For court costs, expert witness fees, and all other costs authorized under law;

    H.    For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| 1 | **JURY TRIAL DEMAND** |
| 2 | Plaintiff demands a trial by jury of all issues permitted by law. |
| 3 | |
| 4 | Dated: December 28, 2023  Respectfully submitted, |
| 5 | **PERKOWSKI LEGAL, PC** |
| 6 | |
| 7 | By: /s/ Peter Perkowski |
| 8 | Peter E. Perkowski |
| 9 | Attorneys for Plaintiff XPOSURE PHOTO AGENCY INC. |